UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE OF OHIO,

    Plaintiff

vs.

TERRENCE W. YUREJCHUK,

    Defendant

Case No. 1:15-cv-495

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Defendant Terrence W. Yurejchuk filed a pro se notice of removal of state court criminal actions to the United States District Court. By separate Order issued this date, Mr. Yurejchuk has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of Mr. Yurejchuk's notice, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

The notice of removal states that on May 10, 2015, "civil and criminal" actions were filed against Mr. Yurejchuk in the Clinton County Municipal Court. The attachments to the notice indicate that Mr. Yurejchuk was cited with three traffic violations: driving under suspension (non-compliance) in violation of Ohio Rev. Code § 4510.16; failure to reinstate in violation of Ohio Rev. Code § 4510.21; and stop sign violation in violation of Ohio Rev. Code § 4511.43A. (Doc. 1-2, ECF PAGEID#7). A bench warrant in another matter, CRB 0501498, was filed in connection with his failure to appear on a charge of resisting arrest. The cases were pending in the Clinton County Municipal Court at the time Mr. Yurejchuk filed his notice of removal.

Mr. Yurejchuk's notice of removal states that on June 3, 2015, he wrote to Ohio Attorney General Mike DeWine "requesting an administrative hearing to determine whether or not the

human being is among the class of person to whom the OHIO REVISED CODE applies." (Doc. 1-1, ECF PAGEID#5). Mr. Yurejchuk advised the Clinton County Municipal Clerk of Court and its agents of the request for an administrative hearing and "an Affidavit of Denial of Corporation Existence." He states the court and its agents ignored both his request and affidavit and proceeded with the pre-trial conference. Mr. Yurejchuk states the Ohio Attorney General denied his request for an administrative hearing and "no rebuttals/denials/corrections were received from ANY of the many recipients to the Affidavit of Denial of Corporation Existence." (Doc. 1-1, ECF PAGEID#5). Mr. Yurejchuk seeks to remove the state court actions to this federal court based on the Court's original federal question jurisdiction under 28 U.S.C. § 1331 because "Plaintiffs allege violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq.*" He also alleges the Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1441(c). (Doc. 1-1, ECF PAGEID#5-6).

The petition for removal should be denied as this Court is precluded from adjudicating Mr. Yurejchuk's claims under the abstention doctrine formulated in *Younger v. Harris,* 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id.* Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of

express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, Mr. Yurejchuk's criminal cases are currently pending in the Clinton County Municipal Court. *See Huffman*, 420 U.S. at 608; *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). Second, the criminal cases implicate important state interests as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for Mr. Yurejchuk to raise any constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co.*, 481 U.S. at 15). Mr. Yurejchuk possesses an adequate opportunity to raise any constitutional issues in his pending state court actions or in a subsequent appeal should he be convicted in the Clinton County Municipal Court. Therefore, abstention under *Younger* is appropriate.

Nor has Mr. Yurejchuk alleged facts showing the existence of extraordinary circumstances barring abstention. Mr. Yurejchuk does not allege bad faith, harassment, flagrant unconstitutionality in the state proceedings, or any other unusual circumstances that would bar abstention in this matter. Thus, the petition for removal fails to establish the presence of extraordinary circumstances militating against the application of *Younger* abstention.

For the reasons stated above, the Court concludes that adherence to the *Younger* abstention doctrine is required in this case.

3

In addition, to the extent Mr. Yurejchuk is attempting to remove a civil action from the Clinton County Municipal Court, removal is improper. Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Mr. Yurejchuk's petition states he is alleging "violations of the Federal Fair Debt Collections Practices Act." However, neither the petition for removal nor the attachments thereto allege any facts whatsoever in support of a claim under this federal statute. To invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, the petition must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the petition or the attachments thereto any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief. In the absence of any allegations of fact supporting a claim under the Fair Debt Collections Practices Act (FDCPA), the Court lacks original jurisdiction over Mr.

Yurejchuk's FDCPA claim. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, to the extent Mr. Yurejchuk may be asserting a federal defense to the state court actions, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983)). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007). Therefore, Mr. Yurejchuk has failed to meet his burden of showing federal question jurisdiction in this matter.

Accordingly, the Court lacks subject matter jurisdiction over this case. Mr. Yurejchuk's petition for removal should be denied, this matter should be dismissed from the docket of the Court, and the case should be remanded to the state court.

## IT IS THEREFORE RECOMMENDED:

1. Mr. Yurejchuk's petition for removal of a state court action to this federal court should be **DENIED**.

2. This matter should be dismissed from the docket of the Court.

3. This matter should be **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

4. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Mr. Yurejchuk leave to appeal *in forma pauperis*. Mr. Yurejchuk should also be advised that he remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

*See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/30/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE OF OHIO,
    Plaintiff

vs.

TERRENCE W. YUREJCHUK,
    Defendant

Case No. 1:15-cv-495
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).